AMBRO, Circuit Judge,
dissenting.
I empathize with Judge Pisano’s predicament (and soon to be frustration). To review, on summary judgment Judge Pisa-no ruled against Baer on each of his claims—ten in all. Our Court affirmed all that Judge Pisano did except for the quasi-contract claim. We remanded that issue to the District Court for consideration of the February 10, 1997 letter that Baer wrote to Chase fourteen months after Chase sent Baer a script that, by 1997, was several stages more developed. In so doing, our Court (per another panel) told Judge Pisano to “analyze[ ] the [February 10, 1997] letter and the circumstances surrounding it ... when ruling on the summary judgment motion on the statute of limitations issue.” Baer v. Chase, 392 F.3d 609, 626 (3d Cir.2004) (“Baer I”). Our Court then added two footnotes (5 and 6) that “confused the matter.” Baer v. Chase, 2005 WL 1106487, at *4 (D.N.J. 2005) (“Baer II”). As the District Court noted,
[t]he Court of Appeals, in Note 5, declines to address the merits of Chase’s substantive defenses raised in the alternative to the quasi-contract claim. However, in doing so the Court appears to discuss and dismiss those very arguments. Moreover, when the Court of Appeals writes that “at least at this time [the February *266 10, 1997 letter] mil serve as the ‘last service rendered’ for purposes of the statute of limitations calculus,” it appears to conclude that this [District] Court need not determine whether the quasi-contract claim was timely. In light of Note 6, however, it is apparent that the Court of Appeals made no such conclusion.... [It] clarifies that it did not intend to rule on Chase’s alternative arguments [as to the statute of limitations barring Baer’s quantum meruit claim even with the February 10, 1997 letter in evidence] because they were not the subject of ... [the District] Court’s prior opinion. Moreover, the Court of Appeals acknowledges that this Court is free to accept Chase’s alternative arguments upon fuller examination “with respect to the statute of limitations issue.”
Id. at *5-6 (emphasis in original).
I agree with this reading of our troublesome footnotes. In note 5 of our prior opinion, we stated (in the context of arguments that had never been presented to the District Court) that “we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered” because “[t]he exchange of ideas and services should not be viewed as incremental, segregable interactions that we can assess individually for purposes of the statute of limitations,” and thus since “Baer sent the letter and Chase received it, ... at least at this time it will serve as the ‘last service rendered’ for purposes of the statute of limitations calculus.” Baer I, 392 F.3d at 626 n. 5 (emphases added). We then made clear in note 6 that our analysis was limited solely to our consideration of these arguments “for the limited purpose of addressing Chase’s argument that we should affirm the summary judgment on a different basis than that of the district court.” Id. at 626 n. 6. We went out of our way to state that our holding went “no further with respect to the statute of limitations issue than to hold that the district court should not have disregarded Baer’s certification and it should have considered the February 10, 1997 letter,” but that the District Court was, upon “a fuller examination of the facts,” free to reach “a conclusion contrary to ours” on the issue of whether the letter was the last service rendered. Id.
I think the District Court’s interpretation of these convoluted instructions—that our dicta regarding whether the letter was the last service rendered was tentative, intended solely to dispose of the arguments prematurely raised on appeal, and that, upon a proper motion for summary judgment on remand, the District Court could consider the factual record and come to its own conclusion—is both entirely reasonable and fully consistent with what it did. Alas, my colleagues in the majority do not agree. They believe that what our Court did in its prior opinion was to “conclude that the February 10, 1997 letter was the ‘last service rendered’ for purposes of the statute of limitations, and that Baer’s quasi-contract claim was timely.”
In reaching this conclusion, my majority colleagues decide that the District Court should not have “examin[ed] the benefit conferred by the last act” because to do so “tests the merits of the claim, not the date that the cause of action accrued for purposes of the statute of limitations” (emphasis in original). This is the second source of my disagreement with the majority opinion. In my view, determining whether an act is the last service rendered for purposes of the statute of limitations requires some consideration of the “merits” of the claim. This analysis is consistent with the limited nature of the statute of limitations inquiry and does not impermissibly intrude on the plaintiffs case-in-chief.
To recover on a quasi-contract theory under New Jersey law, a plaintiff must *267 prove that: (1) he performed services in good faith; (2) the intended beneficiary-accepted the services; (3) he had a reasonable expectation of compensation for the services rendered; and (4) the value of the services is reasonable. Goldberger, Seligsohn & Shinrod, P.A. v. Baumgarten, 378 N.J.Super. 244, 875 A.2d 958, 964 (2005). As noted in our first opinion in this case, New Jersey’s six-year statute of limitations for recovery in quantum meruit runs from the date of the “last rendition of services.” Baer I, 392 F.3d at 622-23 (citing cases). A “service” in this context is not simply any action that one party directs at another. Rather, in New Jersey and elsewhere, the measure of a “service” is whether the act confers “value” on the intended beneficiary. See Friedlander v. Gross, 63 N.J.Super. 470, 164 A.2d 761, 763 (N.J.App.Div.1960) (noting that it was “elementary that plaintiff was not entitled to recover [in quantum meruit ] the fair value of the work done ... since the work ... had no value to the defendant”); see also Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp., 907 F.2d 732, 745 (7th Cir.1990) (“The correct measure for quantum meruit recovery is expressed by the amount which the court considers defendant has been unjustly enriched at the expense of plaintiff.... [This] is generally the lower of these two: the economic cost to plaintiff of providing a benefit or the economic enrichment of defendant in receiving it.”).
The majority relies on our statements in Baer I—that “we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered” because “[t]he exchange of ideas and services should not be viewed as incremental, segregable interactions that we can assess individually for purposes of the statute of limitations,” and thus since “Baer sent the letter and Chase received it, ... at least at this time it will serve as the ‘last service rendered’ for purposes of the statute of limitations calculus,” 392 F.3d at 626 n. 5—for its holding that the District Court was constrained (absent some new evidence that Baer’s letter was a sham or, perhaps, never sent at all) to find that the letter was the last service rendered. But not only were our statements in Baer I dicta (since none of these arguments had been presented to the District Court), they were not supported by citations to New Jersey law.
As I read New Jersey law, the statute of limitations runs from the date of the last rendition of services, and this requires some consideration of whether an act was a “service” as that term in understood in the context of quasi-contracts. I thus do not agree with the majority’s statement that “[t]he issue for statute of limitations purposes is when the last service—regardless of its value—was rendered or performed in good faith” (emphasis in original), because in New Jersey an act is not a “service” unless there was some value to begin with.[7]
To be sure, our dicta in Baer I that the determination of whether an act qualifies as a “service” for purposes of the statute of limitations cannot be made in isolation is, to some extent, correct. But in my view the statement merely establishes the unremarkable, common-sense proposition that one cannot isolate a particular act (in *268 this case, Baer’s February 1997 letter) and determine whether it conveyed some value on the recipient without reference to anything that came before in the parties’ relationship. It would be wrong, for example, if the District Court treated the two parties as strangers and the letter as a segregable act devoid of context. The District Court did not commit such an error. It merely (and properly, I submit) looked to the substance of the letter and the circumstances surrounding its receipt to determine whether, in light of all that came before in the parties’ relationship, it constituted a “service” that had some “value” to Chase such that it could be counted as the start of the limitations period. The District Court certainly did not, as Baer suggests in his brief, treat the letter “as though Baer was a stranger to Chase who had lifted the script out of a trash can and sent out an unsolicited critique.” Appellant’s Br. at 53.
Yet the majority faults the District Court nonetheless, and in doing so takes our dicta in Baer I a step further than I would. In the majority’s view, because Baer and Chase had some prior relationship, it makes no difference at this stage whether Chase obtained any value from the letter (and thus whether it was a “service” rendered to Chase); such an inquiry, we are told, would pre-judge the “merits” of this case. This is, I think, more akin to a “last act” test than a “last service rendered” test. Indeed, under the majority’s reasoning, I find it difficult to conceive of an act that would not serve as the “last service rendered” for statute of limitations purposes, as long as, at some time over the course of the parties’ dealings, one performed a service for the other.
I do not, of course, mean to suggest that the full merits of Baer’s claim must be litigated for a court to determine whether his claim is timely. We do not need to know, for example, whether the value Chase received, if any, caused unjust enrichment, which is the touchstone of quantum meruit recovery. See Weichert Co. Realtors v. Ryan, 128 N.J. 427, 608 A.2d 280, 285-86 (1992). But that is far from saying we do not need to know if Baer’s final alleged act was a “service” at all. The District Court appropriately analyzed this question, and I do not read Baer I to foreclose such consideration.
I am persuaded that the District Court was entitled to consider the value of the letter to Chase in order to determine whether the limitations period began in February 1997 or earlier. The Court concluded that Baer’s February 1997 letter to Chase was not the last service rendered; indeed, it was not a “service” at all because it arrived far too late to be of any use to Chase. In keeping with our instruction that the District Court could reach such a conclusion “on a fuller examination of the facts,” Baer I, 392 F.3d at 626 n. 6, it considered additional certifications by Chase, and Baer submitted no new facts. Upon that record, I do not see how the Court could have avoided denying Baer’s motion for partial summary judgment on the statute of limitations issue—especially since, on consideration of such a motion by Baer, all facts were to be viewed in the light most favorable to Chase. I surely do not think the Court’s “fuller examination of the facts” was so deficient as to merit reversal. For these reasons, I respectfully dissent.

. Obviously, I disagree with the majority’s statement that “value is not determinative of whether, or when, a service was rendered, and therefore has no place in the analysis of when a claim accrued for purposes of the statute of limitations” (emphasis in original). To be sure, as I explain below, consideration of whether the value conveyed by a service resulted in unjust enrichment is only relevant when considering the merits of a claim for quantum meruit recovery. But in deciding whether an act is a “service” in the first place, the existence of some value is (I think) the determinative factor.